**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMIE L. CASTEN, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-05089 |
| MIRAMED REVENUE GROUP, LLC, | |
| Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, JAMIE L. CASTEN, through undersigned counsel, complaining of Defendant, MIRAMED REVENUE GROUP, LLC, as follows:

## NATURE OF THE ACTION

1.      This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4.      JAMIE L. CASTEN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 8818 Bunker Lane, Apartment 123, Crystal Lake, Illinois 60014.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      MIRAMED REVENUE GROUP, LLC, ("Defendant") is a limited liability company organized and existing under the laws of the state of Illinois.

7.      Defendant maintains a principal place of business at 360 East 22nd Street, Lombard, Illinois 60148.

8.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.   Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.   Alexian Brothers Medical Group performed medical services on Plaintiff.

11.   The cost of the medical services was $162.00.

12.   Plaintiff's $162.00 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

13.   As result of financial hardship, Plaintiff was not able to make payment(s).

14.   Plaintiff's $162.00 account balance – once unpaid – was referred for collection.

15.   Defendant mailed Plaintiff a letter, dated December 30, 2019 (the "Letter"), which stated:

| NOTICE OF AMOUNT DUE |
|---|
| RE: ALEXIAN BROTHERS MEDICAL GROUP |

STATEMENT DATE: December 30, 2019          AMOUNT DUE: $162.00
ACCOUNT NUMBER: [REDACTED]                 REFERENCE #: 29619415

*** 

This firm represents that creditor named above.  Your account has been referred to this office for collection because the amount shown above is past due.

We request payment in full.  If you cannot pay the amount due, but with to make payments on this overdue debt, please call this office with your proposal and we will discuss payment terms.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if one exists, and mail you a copy of such judgment or verification.   If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Thank you,

MiraMed Revenue Group, LLC

2

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

PLEASE INCLUDE YOUR REFERENCE NUMBER ON YOUR CHECK.

**Mail All Written Notices, Including Bankruptcy and Dispute Notices, To: MiraMed Revenue Group, LLC 360 E 22nd St., Lombard, IL 60148. Please DO NOT Mail Payments to this Address**

16.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17.     The Letter is the "initial written communication" as required by 15 U.S.C. § 1692g.

18.     The Letter stated: "RE: ALEXIAN BROTHERS MEDICAL GROUP."

19.     The Letter ***did not*** say whether Alexian Brothers Medical Group still owned the account in question or instead had sold the debt to another entity.

20.     The Letter simply stated, "your account has been referred to this office for collection because the amount shown above is past due."

21.     Further down, the Letter did say that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

22.     This sentence raised the possibility that the debt could have been resold, but the Letter did not clarify who actually owned the debt.

23.     The Letter did say that Plaintiff should address all future correspondence and payments concerning Plaintiff's account to Defendant, which a recipient could reasonably understand as implying that Defendant itself was then the creditor.

24.     The only addresses contained in the Letter was the P.O. box of Defendant in Carol Stream, Illinois and Defendant's principal office address in Lombard, Illinois.

25.     Finally, a postscript stated: "This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose."

## DAMAGES

26.     Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

27.     To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); *see also O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

28.     The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

29.     The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

30.     But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

31.     Although the Letter refers to Alexian Brothers Medical Group, the Letter fails to identify Plaintiff's current creditor.

4

32.     Plaintiff was left unsure as to (and could not deduce from reading the Letter) what creditor Defendant was attempting to collect for.

33.     Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

35.     Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)     the amount of the debt;

    (2)     **the name of the creditor to whom the debt is owed**;

    (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

36.     The FDCPA requires the collector of a consumer debt to send the consumer a written notice containing, among other information, "the name of the creditor to whom the debt is owed." § 1692g(a)(2).

37.     Regardless of who then owned the debt, the question under the statute is whether the Letter identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016).

38.     "[The Seventh Circuit] has long interpreted § 1692g to require that the mandatory disclosures be made so that they would be clearly understood by sophisticated debtors." *Steffek v. Client Servs.*, 948 F.3d 761, 764 (7th Cir. 2020).

39.     This implied requirement of clarity extends to identification of the current creditor under § 1692g(a)(2). The mere presence of the correct name in the notice somewhere does not suffice. *See Smith v. Simm Assocs., Inc*., 926 F.3d 377, 381 (7th Cir. 2019) (explaining the § 1692g(a)(2) "requires a debt collector to present information about the creditor and the debt in the manner the unsophisticated consumer can understand"); *Janetos*, 825 F.3d 321 ("When § 1692g(a) requires that a communication requires certain information, compliance demands more than simply including that information in some unintelligible form.")

40.     The Letter simply did not identify Alexian Brothers Medical Group as the current creditor to whom the debt was owed; therefore violating 15 U.S.C. § 1692g(a)(2), which required Defendant to identify the current creditor clearly, without leaving the matter to guesswork.

41.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with

6

any provision of [the FDCPA] with respect to any person is liable to such person in an amount

equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

       (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692g(a)(2);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 28, 2020                  Respectfully submitted,

**JAMIE L. CASTEN**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com